UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK SUVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-99 |
| | § | |
| LIZA A PRATT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered Plaintiff Mark Suver's "Petition for Declaratory Judgment and Injunctive Relief." (D.E. 1.) Plaintiff seeks a Temporary Restraining Order ("TRO") enjoining Defendants Liza A. Pratt and Carey P. Locke from selling property located at 233 Indiana Ave., Corpus Christi, Texas. This Court DENIES the Temporary Restraining Order for the reasons stated below.

First, Plaintiff has not served Defendants or stated why the Defendants could not be served. Federal Rule of Civil Procedure 65(b) requires the movant to allege the "specific facts" that make an injunction necessary "before the adverse party can be heard in opposition." Because Defendants have not been served, they cannot appear in opposition to this TRO. Plaintiff has not shown why an injunction is necessary before Defendants have an opportunity to be heard. Thus, Plaintiff has not satisfied Federal Rule of Civil Procedure 65(b).

Second, Plaintiff has failed to allege the four factors necessary for a proper TRO application.[1] Plaintiff has not shown irreparable injury because he has failed to allege that

---

[1] The movant for a temporary restraining order must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. See Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006).

he has a right to prevent the Defendants from foreclosing the property.[2] Because Plaintiff has not shown that he has a right to prevent the foreclosure, he has failed to show that the denial of an injunction will cause an injury that would outweigh the potential harm an injunction would cause the Defendants. Finally, Plaintiff has not shown that granting an injunction would serve the public interest. Plaintiff admits that an injunction would be "in conflict" with the Texas state court's decision. (D.E. 1, p. 5.) Thus, an injunction may disserve the public interest by disturbing the status quo.

Third, Plaintiff fails to allege that this Court has subject matter jurisdiction over this action. This case involves the sale of real estate and the default of a real estate contract among parties residing in Texas. (D.E. 1.) Plaintiff does not allege diversity of citizenship or an amount in controversy that exceeds $75,000. See 28 U.S.C. § 1332. In addition, Plaintiff does not allege a claim arising under federal law. See 28 U.S.C. § 1331.

Fourth, the request for a TRO appears to be an appeal of a state court decision to this Court in violation of the Rooker-Feldman doctrine. Under this doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Plaintiff has already sought and obtained a temporary restraining order in state court. (D.E. 1, Exh. 1.) At trial, the state court found that Plaintiff "wrongfully obtained the Temporary Restraining Order and Temporary Injunction." (D.E. 1, Exh. 1,

---

[2] In fact, the Texas state court decision included in Plaintiff's pleadings specifically gives Defendant Liza A. Pratt the right to "recover her debt, damages, and costs, together with foreclosure of her lien against [the property at 233 Indiana Ave.], and that an Order of Sale shall issue any sheriff or constable within the State of Texas, directing him to seize and sell the real estate [at 233 Indiana Ave.]." (D.E. 1, Exh. 1, p. 17.)

p. 14.) Under the Rooker-Feldman doctrine, this Court is precluded from exercising subject matter jurisdiction over a state-court judgment.

For the reasons stated above, this Court DENIES the Temporary Restraining Order sought by the Plaintiff in his "Petition for Declaratory Judgment and Injunctive Relief." (D.E. 1.)

SIGNED and ORDERED this 6th day of April, 2010.

_____
Janis Graham Jack
United States District Judge